Our next case is Estate of Jones v. Children's Hospital and Health. Mr. Martin. Thank you, Your Honors, and good morning. My name is Kevin Martin, and I'm here on behalf of the Plaintiff of Ellens, Estate of Linda Faye Jones, and Keshinda Jones. This is a wrongful denial of benefits claim brought pursuant to Section 502A1B of the Employee Retirement Security Income Security Act of 1974. The sole issue before this Court is whether the Administrative Committee of the Children's Hospital of Wisconsin Pension Plan acted arbitrarily and capriciously in denying pension plan benefits to Keshinda Jones. The United States District Court for the Eastern District of Wisconsin, the Honorable Lynn Edelman presiding, granted the pension plan's motion for summary judgment and denied the plaintiff's motion for summary judgment. We ask this Court to reverse that decision. The factual background to this case is straightforward, and the facts are not in dispute. Linda Faye Jones worked for Children's Hospital for 37 years. One benefit of her employment was participation in the Children's Hospital Pension Plan. In August of 2015, Linda Jones elected to retire. She contacted a benefit analyst at Children's to determine her pension plan options. Because she had more than five years of vesting service and was between the ages of 55 and 65, she elected the early retirement pension option under Section 4.2 of the plan. Insofar as the early retirement option is concerned, there are four payment options. The participant can choose either monthly payments for the life of the participant or one of three optional annuity forms. A single life annuity, a joint and contingent annuity, or a 10-year life certain annuity. Linda Faye Jones selected the 10-year life certain annuity, and that annuity is governed by Section 6.4A.3 of the plan. That annuity provides, and I quote the language from the plan here because, as with all wrongful denial of benefits claims involving ERISA, this case rises and falls on the text of the plan. The 10-year life certain annuity provides a 10-year certain life annuity providing monthly benefit payments to the participant for her life. And if she dies before receiving the 120th such payment, continuing such payments to her designated beneficiary until the aggregate payments to her and such beneficiary total 120. And doesn't the continuing language there suggest that they've already started, which is what the issue is here? It does not, actually. The continuing such payments is the conditional clause that's established by that text. And continuing such payment references what happens if the participant dies before they've received the 120th payment, regardless of whether that participant dies before they've received any payments or five payments or 119 payments. But it reads continuing such payments to his designated beneficiary. Doesn't that imply that those payments have already started to the designated beneficiary? It does not imply that. If the language of the 10-year life certain annuity were to make that implication, then the language would provide if the participant dies after receiving the first payment, but before receiving the 120th payment, then continuing such payments to the designated beneficiary. That might be more explicit if it had said that, but why? It doesn't have that extra language if he dies before the first payment starts, but there's still a suggestion with the continuing that something has started already. It cannot be because continuing such payments only references what happens if the participant dies before receiving the 120th payment, regardless of because there is no language in that 10-year life certain annuity about whether the participant has survived to the date of the first payment or survived to the date of the 119th payment. To read continuing in that context would be adding a condition to the plain language of the text that does not exist. That condition, that being continuing, would have to mean that the payment started is a key condition because it would serve to exclude the beneficiary from any benefits if the plan's interpretation of the word continuing was correct. There is a death benefit that's associated with the annuity, and because of that death benefit, Linda Faye Jones designated her only daughter, Keshinda Jones. She was unmarried at the time. On August 20th, Linda Faye Jones filed her written election for early retirement benefits with the plan, and she terminated her employment with Children's Hospital on August 26th. Once these two steps are completed, Section 6.2 of the plan provides that pensions under this Section 6.2 shall commence with a payment due date on the first date of the month next following both the termination of employment and the filing of the written election with the administrative committee electing early retirement benefits. Linda Faye Jones filed her written election and terminated her employment under the express language, the unambiguous language of the text. Pensions shall commence the following month. Again, it does not state unless the participant dies between now and the first of the month, and the first of the following month. Unfortunately, Linda Faye Jones died on August 29th, two days before the plan stated that her pension payments could commence. Keshinda Jones, therefore, applied with the plan for the death benefit that's associated with the 10-year life-certain annuity. She applied to receive the remaining payments that were left in the 10-year life-certain annuity. Because no payments had been made under the plain language of the text, she was entitled to receive 120 payments. Children's took the position that the only benefit that is available when a participant dies before payments commence is a surviving spouse's death benefit under section 4.4 of the plan. That cannot be the case because section 4.4 of the plan is not subjected to the annuity, neither is the annuity under section 6.83 subject itself to section 4.4. Neither of them establish an exclusivity clause, meaning that if you die before payments commence, you shall not receive the 10-year life-certain annuity. Doesn't section 6.9e incorporate that by reference, by referring back to 4.4? Thank you, Your Honor. 6.9 is the incorporation of code section 401A9 of the tax code. This court has already ruled that the tax code does not confer benefits. The tax code doesn't confer or negate benefits. Rather, the tax code has only to do with the timing of the distribution of benefits. But it's not the tax code itself that they were relying on. It's the language of the plan that incorporates that provision of the tax code. And they actually didn't rely on section 6.9e. That was something done by the district court. The administrative committee relied on section 6.9b, too, which is the provision of the tax code section that deals with distributing the surviving spouse's annuity. But no one here is claiming that she's entitled to the surviving spouse's. I misspoke. I said annuity. The pre-retirement surviving spouse's death benefit. No one here is claiming that she's entitled to that. So section 6.9b, too, is completely irrelevant. Section 6.9e is likewise irrelevant in determining whether Kashinda Jones is entitled to planned benefits. The reason is because of this court's decision which held that the tax code does not confer benefits to a participant. Rather, the tax code goes solely to the issue of the timing of the distribution of the benefits. But, again, that would be if the plan didn't include the language from the tax code in it itself. If they were just coming in arguing, well, look at the tax code for extra benefits, that would be a different argument. But here, the plan incorporated that language to try to comply with section 401A9 or one provision of it. The plan also incorporated the entirety of tax code section 401A9 in section 6.9a of the plan. If you look at code section 401A9, specifically subsection E, that defines the designated beneficiary as any person selected by the participant, not just the surviving spouse based on the timing of when the participant dies. So you have section 6.9a of the plan that incorporates the entirety of section 401A9. You have section 6.9e of the plan that addresses the issue of other plan benefits, not the 10-year life certain annuity of section 6.483. And I see that my time here is up. If there are any other questions, thank you. Thank you, counsel. Mr. Parsons? Good morning, and may it please the court. While the facts of this case are undeniably tragic, the Administrative Committee of the Children's Hospital and Health System Pension Plan is required by law to administer the plan according to its terms for the benefit of all plan participants and beneficiaries. That's precisely what has occurred here. I'd just like to address one point raised by counsel in his argument this morning and then one additional point that appellants made in their reply brief. To Judge St. Eve's question, you are correct. The plan has never suggested that the tax code in any way affirms, confers, negates benefits to the estate of Linda Jones or Ms. Shinda Jones in this case. On the contrary, the plan to comply with provisions in section 401A9 establishes certain rules for what happens if a plan participant dies prior to the commencement of benefits. And the language of those sections is clear over and over again that the only potential beneficiary in these circumstances could be a surviving spouse. So if you refer to section 6.9D4 of the plan, it states the plan's designated beneficiary is limited under the terms of this plan to the participant's surviving spouse, if any. Appellants have argued that that means this section only applies if there is a surviving spouse. And if there's no surviving spouse, you can just ignore that section. But then if you go to the immediate following section, section 6.9D5, it states if the participant dies before the distribution of his or her interest begins, the participant's surviving spouse is the participant's sole designated beneficiary. There's no if any language. There's no conditional language. The only potential beneficiary is the surviving spouse. Then go to the immediate following section, 6.9E1. That sets up two systems for designating a beneficiary. If the participant dies after the commencement of the distribution of her estate, then the participant's designated beneficiary is whoever the participant elects. However, if the participant dies prior to the commencement of benefits, the operation of the plan dictates that in the case of a participant who dies prior to the date distributions begin, the participant's designated beneficiary will be his or her surviving spouse, if any, pursuant to the terms of section 4.4, which again is the surviving spouse death benefit. The structure of the plan makes very clear that the only benefit offered by the plan if the participant dies prior to the commencement of benefits is the surviving spouse death benefit. The only other point I want to raise this morning is to respond to the house painting hypothetical that the plaintiffs included in their reply brief. I think the flaws in that hypothetical are symptomatic of the flaws in all the appellant's arguments in this case. First, Linda Jones received a full range of benefits, a full compensation package from Children's Hospital, including salary, health insurance, life insurance, a 403B defined contribution retirement benefit, and a range of other benefits. The house painter, on the other hand, receives just one form of compensation, the payment from the house owner. Given the full range of benefits Linda Jones received, including two other death benefits, it's entirely reasonable for the children's plan to impose conditions on the ability of non-spouse beneficiaries to receive pension benefits under these circumstances. That's precisely what the children's plan has done here. Second, the particular benefits that appellants are seeking in this case are benefits from a pension plan that was funded solely by Children's Hospital. Federal law expressly allows pension plans funded solely by employer contributions to set limitations and conditions on when and how non-spouse beneficiaries may partake in those benefits. Again, that's precisely what Children's Hospital has done here. In the case of the house painter, on the other hand, the law establishes any number of equitable and quasi-contractual theories to ensure that the house painter gets paid. Third, the hypothetical fails because of the presence and the role of the administrative committee in this case. We haven't even addressed the role of the administrative committee, which is to interpret the terms of the plan to determine eligibility, and the plan has full discretion to do so. Under these circumstances, the house painter in the hypothetical did not agree to allow the house owner to set up a committee to determine whether and under what circumstances his hypothetical child could receive payments. If he had done so, then he too would be bound by the decision of that body. And then finally, the hypothetical, again, ignores the structure of the children's plan and the language of the plan referring to the surviving spouse benefit. If the house painting contract had such language, and if the house painter died without a spouse prior to the start of payments, then the painter's child would not be entitled to benefits. This is especially true if a committee with discretion to interpret the contract has reached such a conclusion. With that, I'm happy to answer any questions the Court may have. Otherwise, happy to yield the remainder of my time. The plan and the district court looked to the summary plan description to say that it was consistent, their interpretation was consistent with that. Is that something that Linda Fay Jones was provided with? My understanding is a copy of the summary plan description is provided every year. In addition to that, certainly the application for benefits that she received included the same information at the time that she applied for benefits. And is it proper to look at that outside of the contract in this context? I believe it is to the extent that the Court believes that the plan itself is not inconsistent with the terms of the SPD. It's very clear that the Supreme Court has held in the U.S. Airways case that where there is a conflict, the plan language controls over the SPD. In this case, the plan would submit that the plan language is entirely consistent with the language of the summary plan description. Thank you, Counsel. Thank you very much, Your Honor. Mr. Martin Rebuttal. Thank you, Your Honor. We have on the one hand Children's Hospital arguing that Code Section 401A9 does not determine whether Keshinda Jones is entitled to benefits. On the other hand, they're relying on Section 6.9, which is the incorporation of Code Section 401A9 into the plan to, in fact, determine whether Keshinda Jones is entitled to the annuity benefits. But Section 6.9A of the plan specifically states, all distributions required under this section will be determined and made in accordance with the Treasury regulations under Code Section 401A9, which are incorporated herein by reference. And to restate the point that I made during my argument, Code Section 401A9 subsection E defines the designated beneficiary as any person designated by the participant. The plan wants to state that, well, somehow Section 6.9D4 and 5 disavow that, and they do not. Counsel, your time is up. Thank you, Your Honor. Thank you. The case is taken under advisement.